**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| THE ESTATE OF H. FRED CLARK, by Karen Clark and Alan F. Markowitz as Co-Executors, | |
| Plaintiff, | |
| v. | NO. 2:12-cv-06259-JCJ |
| THE TORONTO DOMINION BANK, TD BANK, N.A et al, | |
| Defendants. | |

## DEFENDANT TD BANK N.A.'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendant TD Bank, N.A. ("TD Bank") moves to dismiss Plaintiff's Amended

Complaint, with prejudice, for the reasons in TD Bank's Memorandum of Law that is being

contemporaneously filed and is incorporated.

　/s/ Alexander D. Bono
Alexander D. Bono
Michael S. Zullo
Carla M. Bennett
**DUANE MORRIS LLP**
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone: 215.979.1000
***Attorneys for Defendant, TD Bank, N. A.***

Dated: December 17, 2012

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THE ESTATE OF H. FRED CLARK, by Karen
Clark and Alan F. Markowitz as Co-Executors,

                     Plaintiff,

        v.

THE TORONTO DOMINION BANK, TD BANK,
N.A., et al

                 Defendants.

NO. 2:12-cv-06259-JCJ

## DEFENDANT TD BANK N.A.'S MEMORANDUM OF LAW SUPPORTING ITS
## MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

        /s/ Alexander D. Bono
        Alexander D. Bono
        Michael S. Zullo
        Carla M. Bennett
        **DUANE MORRIS LLP**
        30 South 17th Street
        Philadelphia, PA  19103-4196
        Telephone: 215.979.1000
        Attorneys for Defendant, ***TD Bank, N. A.***

Dated: December 17, 2012

# TABLE OF CONTENTS

**Page**

I.  **INTRODUCTION** ..................................................................................................... 1

II.  **RELEVANT FACTS** ................................................................................................. 2

III.  **LEGAL ARGUMENT** .............................................................................................. 3

    A.  The Amended Complaint Fails Under the Standard for Motions to Dismiss. ................................................................................................... 3

    B.  Count I of Plaintiff's Amended Complaint is Barred By The EFTA's One-Year Statute of Limitations. .................................................................... 5

    C.  Count I of Plaintiff's Amended Complaint Should Be Dismissed Because Plaintiff Failed to Comply With The EFTA's Sixty-Day Notice Requirement. ....................................................................................... 7

    D.  There are No Extenuating Circumstances Which Justify Plaintiff's Failure to Notify TD Bank of The Allegedly Unauthorized Transfers. ............................ 8

    E.  Count II of Plaintiff's Amended Complaint is Barred Because Plaintiff Failed to Timely Notify TD Bank of The Allegedly Unauthorized Transfers and Failed to Timely File His Complaint. ............................................ 11

    F.  Plaintiff's Breach of Contract Claim (Count III) Fails to State the Essential Terms of the Parties' Purported Contract and Instead Impermissibly Seeks to Impose Unenforceably Indefinite, Vague and Ambiguous Contract Obligations on TD Bank. ....................................................................... 13

    G.  Plaintiff's Claims for Negligence (Count IV) and Negligent Supervision (Count V) Must Be Dismissed Because The PA UCC Displaces Common Law Negligence Claims. ......................................................................... 14

    H.  Plaintiff's Claims for Negligence and Negligent Supervision Are Barred By The Gist of the Action Doctrine. ................................................................ 15

    I.  Plaintiff's Claims for Negligence and Negligent Supervision Are Barred By The Economic Loss Doctrine. ................................................................. 16

IV.  **CONCLUSION** ......................................................................................................... 17

## **TABLE OF AUTHORITIES**

**Federal Cases**

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009) ........................................................................ 3-4

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007) ......................................................... 3-4

*Blue Mountain Mushroom Co. v. Monterey Mushroom, Inc.,* 246 F. Supp. 2d 394 (E.D. Pa. 2002) ........................................................................................................................16

*In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410 (3d Cir. 1997) ........................6

*Citizens Bank of Pa. v. Chevy Chase Bank,* No. 03-CV-5208, 2004 U.S. Dist. LEXIS 6354 (E.D. Pa. Mar. 22, 2004) .......................................................................................14

*Deron v. SG Printing, Inc.,* No. 11-1934, 2012 U.S. Dist. LEXIS 73069 (M.D. Pa. May 25, 2012) ................................................................................................................... 13-14

*Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173 (3d Cir. 2000) ...............4

*Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) ............................................4

*Freedom Medical Inc. v. Royal Bank of Canada*, No. 04-cv-5626, 2005 U.S. Dist. LEXIS 37836 (E.D. Pa. Dec. 30, 2005) ........................................................................15

*Gale v. Hyde Park Bank,* No. 02-3663, 2007 U.S. Dist. LEXIS 59717 (N.D. Ill. Aug. 8, 2007) ...............................................................................................................................8

*Golden-Koether v. JPMorgan Chase Bank,* 2011 U.S. Dist. LEXIS 136472 (D.N.J. Nov. 29, 2011) ........................................................................................................................2, 5

*Gress v. PNC Bank, Nat'l Ass'n*, 100 F. Supp. 2d 289 (E.D. Pa. 2000) .......................14

*Mack v. CTC Ill. Trust Co.*, No. 04-CV-0083, 2004 U.S. Dist. LEXIS 13997 (E.D. Pa. July 19, 2004) ...............................................................................................................15

*Muti v. Schmidt*, 96 Fed. Appx. 69 (3d Cir. 2004) .........................................................7

*Nicolaides v. Bank of Am. Corp.*, No. 10-1762, 2012 U.S. Dist. LEXIS 96576 (E.D. Pa. July 11, 2012) .................................................................................................................7

*Overby v. Chase Manhattan Bank,* 351 F. Supp. 2d 219 (S.D.N.Y. 2005) ...................5

*Pennsylvania State Employees Credit Union v. Fifth Third Bank*, 398 F. Supp. 2d 317 (M.D. Pa. 2005) ........................................................................................................2, 16

*Rallis v. First Gulf Bank, N.A.*, No. 08-102, 2008 U.S. Dist. LEXIS 90327 (N.D. Fla. Oct. 24, 2008) ...................................................................................................1, 5, 8, 14

*Rusthoven v. TCF Nat'l Bank*, 2009 U.S. Dist. LEXIS 62378, at *9-10 (D. Minn. July 20, 2009)……………………………………………………………………...........9-11

*Smith v. Pallman*, 420 F.3d 208 (3d Cir. 2011) ..........................................................6

*U.S. Claims, Inc. v. Flomenhaft & Cannata, LLC*, 519 F. Supp. 2d 515 (E.D. Pa. 2006)..............7

*Warfield Phila., L.P. v. AMTRAK*, No. 09-1002, 2009 U.S. Dist. LEXIS 109432 (E.D. Pa. Nov. 20, 2009) ................................................................................13

*Wike v. Vertrue, Inc.*, 566 F.3d 590 (6th Cir. 1999) ......................................5

**State Cases**

*Atkins v. Baltimore and Ohio R.R. Co.*, 501 A.2d 277 (Pa. Super. 1985) ....................................16

*Excavation Tech., Inc. v. Columbia Gas Co. of Pennsylvania,* 936 A.2d 11 (Pa. Super. 2007) ..........................................................................16

*Estate of Hollywood v. First Nat'l Bank of Palmerton*, 2004 PA Super 321 (Pa. Super. Ct. 2004) ..........................................................................12

*Lackner v. Glosser*, 2006 PA Super 14 (Pa. Super. Ct. 2006) ......................................4

*Metro Waste, Inc. v. Wilson Check Cashing, Inc.*, March 2003 Term, No. 2117, 2003 Phila. Ct. Com. Pl. LEXIS 56, at *3-6 (Pa. Commw. Ct. Sept. 23, 2003)...............14

*Peters v. Riggs Nat'l Bank, N.A.*, 942 A.2d 1163 (D.C. 2008)....................................5, 7

*Travelers Indemnity Co. v. Citibank Delaware*, No. 04-13868, 2007 Pa. Dist. & Cnty. Dec. LEXIS 314, at * 13 (Pa. Commw. Ct. Aug. 29, 2007)..........................................15

*United States Steel Corp. v. Express Enterprises of Pennsylvania, Inc.,* No. 0140, 2006 Phila. Ct. Com. Pl. LEXIS 149 (Pa. Commw. Ct. March 22, 2006) ......................................15

**Federal Statutes**

15 U.S.C. § 1693g(a) ......................................................................7-8

15 U.S.C. § 1693m(g) ......................................................................5

**State Statutes**

13 Pa. C.S.A. § 4406(c) ..................................................................11

13 Pa. C.S.A. § 4406(d) ..................................................................12

13 Pa. C.S.A. § 4406(f)...................................................................12

**Rules**

Fed. R. Civ. P. 8(a) ..........................................................................................................10

Fed. R. Civ. P. 12(b)(6)..................................................................................................3-4

DM1\3637434.1

## I.   INTRODUCTION

Plaintiff Estate of H. Fred Clark (***"Plaintiff"***) initiated this action by Writ of Summons in the Philadelphia Court of Common Pleas on October 29, 2010.   Nearly two years later, on October 5, 2012, Plaintiff finally filed a Complaint raising forty-nine purported causes of action against numerous Retail Defendants stemming from a series of allegedly fraudulent withdrawals made from Plaintiff's account that began in November 2008 and continued over the course of nearly two years.  As a result of these withdrawals and transfers, Plaintiff alleges a loss of more than $638,000 and now seeks recovery from TD Bank and various retailers or service providers to whom these transfers were made.   On November 28, 2012, Plaintiff filed an Amended Complaint in response to the Defendants' respective motions to dismiss.

Plaintiff makes five claims against TD Bank: (1) violation of the Electronic Funds Transfer Act ('***EFTA***") (Count I); (2) violation of the Pennsylvania Uniform Commercial Code ("***PA UCC***") (Count II); (3) breach of contract (Count III); (4) negligence (Count IV); and (5) negligent supervision (Count V).[1]

As a matter of law, each claim fails to state a plausible claim, and the Complaint should be dismissed with prejudice for seven  reasons:

***First,*** Plaintiff's nearly two-year delay in initiating this action by Writ of Summons renders the EFTA claim untimely under EFTA's one-year statute of limitations.  Indeed, Plaintiff offers no reason or excuse for waiting nearly two years after the alleged fraudulent activity began before filing the Writ of Summons, nor for waiting two *more* years before apprising Defendants of the nature of his claim by filing his Complaint.

---

[1] Plaintiff further alleges claims against each of the Retail Defendants for negligence, conversion, restitution, and unjust enrichment.

*Second*, Plaintiff fails to allege compliance with EFTA's 60-day notice provision and, alternatively, fails to allege any extenuating circumstances that are sufficient to render the notice provision inapplicable, and fails to allege notice within a reasonable time.

*Third,* Plaintiff's PA UCC claim is barred by the 30-day Repeater Rule and one-year statutory notice provision.

*Fourth*, Plaintiff's breach of contract claim fails to state the essential terms of the parties' purported contract and instead impermissibly seeks to impose unenforceably indefinite, vague and ambiguous contract obligations on TD Bank**.**

*Fifth,* Plaintiff's negligence and negligent supervision claims are barred by the PA UCC, which displaces all such common law claims.

*Sixth*, Plaintiff's negligence and negligent supervision claims also are barred by Pennsylvania's "gist of the action"  doctrine.

*Seventh,* Plaintiff's negligence and negligent supervision claims also are barred by Pennsylvania's economic loss doctrine.

## II.    RELEVANT FACTS

Plaintiff alleges that at some point prior to November 2008, Plaintiff opened up a bank account (**"Account"**) with TD Bank.  *See* Amended Complaint at ¶ 25.

Beginning on November 24, 2008, Plaintiff alleges that one or more unidentified individuals "improperly obtained access to the Account and, without Dr. Clark's authorization, permission or approval, began transferring funds in the Account" to various retail entities, which are also named as defendants **("Retail Defendants"**), to pay bills and other charges not incurred by Plaintiff.  *Id.* at ¶ 26.  These transactions and withdrawals were purportedly made in the form of both electronic fund transfers (**"ETFs"**) and remotely created checks ("**RCCs**").  *Id.* at ¶ 27.

Plaintiff further alleges that these transactions ended in May 2010 and resulted in more than $638,000 being removed from Plaintiff's account. *Id.* at ¶¶ 32, 34. Plaintiff admits that TD Bank has returned funds to Plaintiff representing "some which is of the unauthorized EFTs" and previously-charged overdraft fees. *Id.* at ¶¶ 37, 38.

 Throughout this period, TD Bank sent Plaintiff monthly account statements which unambiguously documented the existence of these transfers. *See* Exhibit "A." Plaintiff concedes that these statements were sent. *See id.* at ¶ 46. Nonetheless, Plaintiff does not allege that he ever notified TD Bank or the Retail Defendants that these transactions were occurring or that they were not authorized. Rather, Plaintiff now alleges in the Amended Complaint that Dr. Clark was diagnosed with Parkinson's disease in 2007 and was unable to review the bank statements because his "memory and cognitive functions were impaired." *Id.* at ¶¶ 5, 46 and 57.

## III.   LEGAL ARGUMENT

### A.   The Amended Complaint Fails Under the Standard for Motions to Dismiss.

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level.") (internal citation omitted). Accordingly, a plaintiff must plead more than "[t]hreadbare recitals of the elements of a cause of action, supported by ***mere conclusory*** statements." *Iqbal,* 556 U.S. at 678 (internal citation omitted).[2] To survive a motion to dismiss,

---

[2] Emphasis added throughout  unless indicated to the contrary.

- 3 -

a plaintiff must "nudge[] [his] claims across the line from conceivable to ***plausible***." *Twombly,* 550 U.S. at 547; *see also Iqbal,* 556 U.S. at 680.

On a Rule 12(b)(6) motion, all factual allegations in the complaint are taken as true; but, the court "need not accept as true unsupported conclusions and unwarranted inferences." *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 184 (3d Cir. 2000). Moreover, "the Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context." *Iqbal,* 556 U.S. at 686; *Twombly,* 550 U.S. at 555 ("[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

After *Iqbal*, district courts must conduct a two-part analysis when evaluating a motion to dismiss for failure to state a claim:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679). If, upon completing this analysis, "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Accordingly, when a complaint "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement

- 4 -

to relief," and must be dismissed.  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557).  Here, the Complaint fails to satisfy the governing test under Rule 12(b)(6).

**B.    Count I of Plaintiff's Amended Complaint is Barred By The EFTA's One-Year Statute of Limitations.**

In Count I of the Amended Complaint, Plaintiff purports to state a cause of action under the federal EFTA. *See* Amended Complaint at Count I.  Claims brought pursuant to the EFTA are subject to a one-year statute of limitations that begins to run on the date of the alleged violation.  15 U.S.C. § 1693m(g) ("[A]ny action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, *within one year from the date of the occurrence of the violation*.").  Critically, a claim for unauthorized recurring transactions, such as those alleged by Plaintiff, accrues at the time of the *first* transfer. *See Wike v. Vertrue, Inc.*, 566 F.3d 590, 593 (6th Cir. 1999).

Here, Plaintiff's purported cause of action for violation of the EFTA accrued in November 2008, when Plaintiff alleges that one or more individuals "began transferring funds in [Plaintiff's] Account to Retail Defendants," and the statute of limitations expired one year later, in November 2009.  *See* Amended Complaint at ¶ 26; 15 U.S.C. § 1693m(g); *see also Golden-Koether v. JPMorgan Chase Bank,* 2011 U.S. Dist. LEXIS 136472, at *5 (D.N.J. Nov. 29, 2011); *Overby v. Chase Manhattan Bank,* 351 F. Supp. 2d 219, 225 (S.D.N.Y. 2005); *Peters v. Riggs Nat'l Bank, N.A.,* 942 A.2d 1163, 1171-72 (D.C. 2008).  Nonetheless, Plaintiff waited until October 29, 2010 to initiate this action by Writ of Summons. Plaintiff's claim for violation of the EFTA on the basis of these transfers is therefore untimely and must be dismissed.

In addition to the transfers themselves, Plaintiff alleges that TD Bank violated the EFTA by: (1) failing to provide certain information to Plaintiff at the time the transfers began; (2) failing to provide necessary periodic statements; (3) improperly issuing a card, code, or access

- 5 -

device to an unauthorized individual; and (4) failing to verify Plaintiff's identity prior to authorizing transfers.  *See* Amended Complaint at ¶ 45(a)-(d).  Each of these claims is also facially barred by the EFTA's one-year statute of limitations.  First, TD Bank's purported failure to provide certain information to Plaintiff "at the time the EFTs commenced" would have necessarily occurred in November 2008, when Plaintiff alleges the transfers began. *See* Complaint at ¶ 26.  Similarly, TD Bank's purported improper issuance of an access device to an unauthorized individual would also have occurred, at the latest, when the transfers began in November 2008.  Accordingly, any claims based on these allegations should have been brought by November 2009.  Plaintiff's failure to do so bars these claims.

TD Bank is also entitled to the dismissal of Plaintiff's EFTA claim insofar as it depends on TD Bank's alleged failure "to provide the necessary periodic statements to Dr. Clark" and failure to verify Dr. Clark's identity.  In addition to the fact that these allegation should also have been raised prior to November 2009 as "recurring violations" and are therefore untimely, Plaintiff's allegation that periodic statements were not provided is flatly contradicted by the record.  To the contrary, appropriate account statements were sent <u>monthly</u> to Plaintiff while the account was maintained at TD Bank.  Copies of the account statements that were sent to Plaintiff during the relevant period, from December 2008 through May 2010, are attached hereto as Exhibit "A."[3]  As required by the EFTA, these monthly statements set forth:

- The amount and date of each electronic transfer;

- The type of transfer;

- The identity of the account from which the funds were transferred;

---

[3] The Court may properly consider these account statements when deciding the Motion to Dismiss because they are plainly "incorporated by reference as integral to the claim" stated in Plaintiff's Complaint.  *See Smith v. Pallman*, 420 F.3d 208, 213 (3d Cir. 2011); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

- The identity of the third party to whom the funds were transferred;

- The location or identification of each electronic terminal involved;

- The amount of any fees or charges assessed for transfers or account maintenance;

- The balances of the account at the beginning and close of the period; and

- The address and telephone number used by TD Bank to receive statement inquiries or notices of account errors from the consumer.

Plaintiff's conclusory allegations that these statements did not comply with the EFTA are contradicted by the statements themselves and are entitled to no weight. *See Muti v. Schmidt*, 96 Fed. Appx. 69, 74 (3d Cir. 2004) (noting that when evaluating a motion to dismiss, conclusory allegations will not be accepted "when contradicted by documents incorporated in the pleadings"); *U.S. Claims, Inc. v. Flomenhaft & Cannata, LLC*, 519 F. Supp. 2d 515, 520 (E.D. Pa. 2006) ("Nor must a court accept as true conclusory allegations contradicted by documents underlying the complaint."); *Nicolaides v. Bank of Am. Corp.*, No. 10-1762, 2012 U.S. Dist. LEXIS 96576, at *15 (E.D. Pa. July 11, 2012) (dismissing plaintiff's claim based on an allegedly inaccurate disclosure where allegations were contradicted by the terms of the disclosure itself). Plaintiff's EFTA claim must therefore be dismissed for failure to state a claim and because it is barred by the EFTA's one-year statute of limitations.[4]

### C.   Count I of Plaintiff's Amended Complaint Should Be Dismissed Because Plaintiff Failed to Comply With The EFTA's Sixty-Day Notice Requirement.

In addition to being barred by the EFTA's statute of limitations, Plaintiff's EFTA claim must be dismissed because Plaintiff failed to provide timely notice to TD Bank of the

---

[4] Even if a discoverability rule is applied to claims brought under the EFTA, *see e.g., Peters v. Riggs Nat'l Bank,* 942 A.2d 1163, 1171-72 (D.C. 2008),  the fact that Plaintiff was receiving monthly account statements throughout the pendency of the alleged unauthorized transfers contradicts any argument that he did not know, or could not have known, that the transfers were occurring.

purportedly unauthorized transfers.  The EFTA imposes on consumers an affirmative obligation to timely review their account statements and requires consumers to report any unauthorized electronic fund transfer or account error <u>within 60 days</u> of the transmittal of the statement on which the error or unauthorized transfer appears. 15 U.S.C. § 1693g(a).   If the consumer fails to do so, then the financial institution need not reimburse the consumer for any losses that would not have occurred but for the failure of the consumer to report the error or unauthorized transfer. *Id.*

Here, the allegedly unauthorized transfers of which Plaintiff complains were unambiguously documented on the monthly account statements that were provided to Plaintiff. *See* Exhibit "A."   Nonetheless, Plaintiff has not alleged that he properly notified TD Bank of these transfers within 60 days of the transmittal of the statements on which they appeared.  *Rallis v. First Gulf Bank, N.A.*, No. 08-102, 2008 U.S. Dist. LEXIS 90327, at *13 (N.D. Fla. Oct. 24, 2008) (holding that to withstand a motion to dismiss, a plaintiff must allege that he or she provided notice of the alleged error within 60 days of the transmittal of the account statement). Accordingly, Plaintiff's claim for violation of the EFTA must be dismissed for failure to provide timely notice of the purportedly unauthorized transfers.  *See Gale v. Hyde Park Bank,* No. 02-3663, 2007 U.S. Dist. LEXIS 59717, at *14 (N.D. Ill. Aug. 8, 2007) (granting summary judgment where plaintiff failed to provide detailed notice of the alleged error within 60 days after the defendant sent the periodic statement).

### D.    There are No Extenuating Circumstances Which Justify Plaintiff's Failure to Notify TD Bank of The Allegedly Unauthorized Transfers.

Plaintiff's Amended Complaint appears, in part, to be a misguided effort to avoid the EFTA's sixty-day notice provision by alleging that, in 2007, Plaintiff was diagnosed with Parkinson's Disease which left his "memory and cognitive functions" impaired and rendered him

"unable to effectively review bank statements sent to him."  *See* Amended Complaint at ¶¶ 5, 46 and 57.  Plaintiff further incorrectly alleges that he should be excused from complying with the notice provision on the basis of his allegation that the individuals who misappropriated Plaintiff's money were "employed by TD Bank and/or [] had access to the Account information."  *Id.* at ¶ 47.  These allegations are insufficient as a matter of law to overcome Plaintiff's unequivocal statutory duty to notify TD Bank of any unauthorized transfers within sixty days of receiving the periodic account statement.

Section 1693g(a) of the EFTA unambiguously provides that reimbursements need not be made if a consumer does not notify the financial institution of the loss ***within a sixty-day*** period or, "***in extenuating circumstances such as extended travel or hospitalization***, ***within a reasonable time*** under the circumstances."  Here, there are three  reasons why Plaintiff's allegation that Dr. Clark was diagnosed in 2007 with Parkinson's Disease is insufficient as a matter of law to constitute an "extenuating circumstance" sufficient to extend the EFTA's sixty-day notice provision or to allege notice within  a reasonable time.

 ***First***, Plaintiff's allegations fail to satisfy either of the two specified statutory exceptions to the 60-day notice provision because Plaintiff has not alleged that Dr. Clark had engaged in "extended travel" or had been hospitalized as a result of his alleged diagnosis.

***Second,***  the "extenuating circumstance" exception to EFTA's sixty day notice requirement in section 1693g(a) applies only when the consumer is temporarily unable to review the statements because they are ***physically*** absent from the address where the bank statements were being sent, such as in the case of hospitalization or travelling.  *Rusthoven v. TCF Nat'l Bank*, 2009 U.S. Dist. LEXIS 62378, at *9-10 (D. Minn. July 20, 2009) (noting that section 1693g(a) appears to address only the "level of difficulty associated with either health concerns

- 9 -

***serious enough to require hospitalization***, or extended travel that may make it impractical to continue to receive mail).  Indeed, section 1693g(a) clearly contemplates that, at some point, the consumer's "extenuating circumstance" would resolve and the consumer would again be able to review the bank statements.

Here, there are no allegations that Dr. Clark was hospitalized.  Likewise, there is no allegation that he was not physically present at the address where the bank statements were being sent.  Finally, there is no allegation that Dr. Clark's alleged inability to review the bank statements was "temporary" as contemplated by section 1693g(a).  To the contrary, the Amended Complaint alleges that Dr. Clark's account was opened "prior to November 2008", that alleged transfers ended in May 2010  -- ***three years after he allegedly was diagnosed*** -- and that he received returns and credits.  *See* Amended Complaint ¶¶ 25-26, 37-39.  If a three-year delay from diagnosis of Parkinson's Disease is sufficient to constitute " reasonable time" under EFTA's extenuating circumstance provision, then the EFTA's notice provision would be undermined as ailing (but not hospitalized) consumers, such as Dr. Clark, could wait years or even decades before notifying a financial institution of a purportedly unauthorized withdraw.

***Third,*** Dr. Clark – or his representatives – were able to review the bank statements that were sent by TD Bank given that, at some point, Plaintiff ultimately realized that the withdraws were occurring and initiated this action by Writ of Summons ***prior to Dr. Clark's death.***  The EFTA does not excuse the prolonged failure to notify TD Bank that Dr. Clark purportedly was unable to review his statements, nor does it excuse Dr. Clark from securing a representative to review those statements on his behalf.  Indeed, the first alleged fraudulent transfer did not occur until a year ***after*** Dr. Clark was allegedly diagnosed with Parkinson's Disease, giving Dr. Clark more than adequate time to change his method of reviewing the bank statements.  *See, e.g.,*

- 10 -

*Rusthoven v. TCF Nat'l Bank*, 2009 U.S. Dist. LEXIS 62378, at *9. In *Rusthoven*, for example, the court held that the plaintiff's imprisonment did not constitute an "extenuating circumstance" under the EFTA because, although imprisonment "certainly presents a significant challenge for someone trying to manage their finances," the plaintiff was capable of arranging to receive his mail in prison yet failed to do so. *Id.*

The same result is compelled here, where Dr. Clark was not hospitalized, was not engaged in "extended travel," and was apparently diagnosis in 2007 and could have had representative review his statements. Accordingly, there are simply no extenuating circumstances which would justify an indefinite extension of the EFTA's sixty-day notice provision, and, as a matter of law, a more than three-year delay from diagnosis in 2007 to notification in 2010 is unreasonable under the circumstances.

      **E.**    **Count II of Plaintiff's Amended Complaint is Barred Because Plaintiff Failed to Timely Notify TD Bank of The Allegedly Unauthorized Transfers and Failed to Timely File His Complaint.**

In Count II of the Amended Complaint, Plaintiff purports to state a claim for violation of the Pennsylvania Uniform Commercial Code (*"**PA UCC**"*) for allegedly forged "Remotely Created Checks" (*"**RCCs**"*). The PA UCC bars Plaintiff's claim, however, because Plaintiff failed to timely notify TD Bank of the allegedly unauthorized RCCs and failed to timely bring this action.

Like the EFTA, the PA UCC imposes a duty on bank customers to exercise reasonable promptness in examining their bank statements to determine whether they reflect unauthorized payments or signatures. 13 Pa. C.S.A. § 4406(c). The PA UCC further requires the customer to discover and report any forgery within a reasonable period of time, not to exceed thirty days, after the bank sent or made available the customer's bank statement from which the customer

- 11 -

should reasonably have discovered the alleged unauthorized payment, or the customer is precluded from recovering from the bank on any forgeries by the same wrongdoer.  13 Pa. C.S.A. § 4406(d) ("**Repeater Rule**").[5]

Plaintiff alleges that beginning in July 14, 2009, one or more individuals created fraudulent RCCs that were used to withdraw funds from Plaintiff's account.  *See* Amended Complaint at ¶ 32.  But, Plaintiff fails to allege that he notified TD Bank of these alleged forgeries within thirty days after TD Bank sent the bank statement on which the July 14, 2009 RCC appears.  *See* Exhibit "A."  Accordingly, under the PA UCC Repeater Rule, Plaintiff is precluded from recovering on all checks that were created by the same individual thirty days after the first monthly statement of account reflecting an unauthorized RCC was made available to Plaintiff in July 2009.

Furthermore, it is clear under Pennsylvania's UCC that if the customer fails to discover and report any forged payor signatures within one year after the statement of account that identified payment of a forged check was sent or made available to the customer, then the customer is precluded from recovering from the bank. 13 Pa. C.S. § 4406(f); *Estate of Hollywood v. First Nat'l Bank of Palmerton*, 2004 PA Super 321, P23 (Pa. Super. Ct. 2004) (holding that one-year statutory notice provision "applies mechanically" and is not subject to a discovery rule).  This one-year limitation on recovery is made whether the forgeries were written by one or more individuals and "***without regard to care*** or lack of care of either the customer or the bank." *Id.*

---

[5] The PA UCC merely requires that TD Bank make Dr. Clark's bank statements available to him for review.  The PA UCC has no "extenuating circumstances" exception like that which exists in the EFTA.

Here, although Plaintiff alleges that the first RCC was created on July 14, 2009, Plaintiff fails to allege that he notified TD Bank of these alleged forgeries within one year after TD Bank sent the bank statement on which the July 14, 2009 RCC appears. Accordingly, under the PA UCC one-year statutory notice provision, Plaintiff is precluded from recovering on all checks, irrespective of the number of individuals involved and TD Bank's duty of care, one year after the first monthly statement of account reflecting an unauthorized RCC was made available to Plaintiff in July 2009.

> **F.      Plaintiff's Breach of Contract Claim (Count III) Fails to State the Essential Terms of the Parties' Purported Contract and Instead Impermissibly Seeks to Impose Unenforceably Indefinite, Vague and Ambiguous Contract Obligations on TD Bank.**

In Count III, Plaintiff attempts to state a claim against TD Bank for breach of contract. But, the Amended Complaint fails to state the terms of the alleged contract.

To state a claim for breach of contract under Pennsylvania law, a plaintiff must plead the "essential terms" of the agreement. *See Warfield Phila., L.P. v. AMTRAK*, No. 09-1002, 2009 U.S. Dist. LEXIS 109432, at *26 (E.D. Pa. Nov. 20, 2009) (noting that the existence of a contract and its essential terms is a fundamental element of a breach of contract claim) (citing *Presbyterian Med. Center v. Budd*, 2003 PA Super 323, 832 A.2d 1066, 1070 (Pa. Super. 2003)); *Deron v. SG Printing, Inc.,* No. 11-1934, 2012 U.S. Dist. LEXIS 73069, at *13 (M.D. Pa. May 25, 2012) (granting motion to dismiss breach of contract claim where plaintiff failed to attach a copy of the contract or plead the essential terms of the purported contract and instead pleaded only vague, unspecified terms and conditions).  Similarly, Federal Rule of Civil Procedure 8(a) "permits a plaintiff to assert the existence of an express written contract either by setting it forth verbatim in the complaint, or plaintiff may attach a copy as an exhibit, or plead it according to its

legal effect." *Deron*, 2012 U.S. Dist. LEXIS 73069, at *13.  Plaintiff has utterly failed to meet this basic standard.

In support of its breach of contract claim, Plaintiff merely vaguely alleges that TD Bank agreed "to maintain the security, privacy and confidentiality of Dr. Clark's Account." *See* Amended Complaint at ¶ 64.  These ambiguous allegations fall far short of setting forth the "essential terms" of the contract, but rather leave TD Bank, and this Court, to speculate as to plaintiff's obligations under the contract, how TD Bank was to maintain the "security, privacy and confidentiality" of Plaintiff's account, or what these broad and undefined terms mean in the context of the parties' purported contract.  *Deron*, 2012 U.S. Dist. LEXIS 73069, at *13.  This Court "should not be asked to speculate as to the terms of the alleged contract."  *Id.* at *14 (citing *In re Domiano,* 422 B.R. 497, 504 (Bankr. M.D. Pa. 2009)).

Moreover, it is axiomatic that an "enforceable contact requires, among other things, that the terms of the bargain be set forth with sufficient clarity." *Lackner v. Glosser*, 2006 PA Super 14, P24 (Pa. Super. Ct. 2006).  Where the terms of a contract are too indefinite, the contract is unenforceable as a matter of law.  *Id.*  Even assuming, *arguendo*, that a contract existed "to maintain the security, privacy and confidentiality of Dr. Clark's Account," these terms are far too indefinite and vague to be enforceable.  Accordingly, Plaintiff's breach of contract claim should be dismissed for failure to state a claim.

### G.   Plaintiff's Claims for Negligence (Count IV) and Negligent Supervision (Count V) Must Be Dismissed Because The PA UCC Displaces Common Law Negligence Claims.

Plaintiff's purported claims for negligence (Count IV) and negligent supervision (Count V) must also be dismissed pursuant to the well-established doctrine that the PA UCC displaces common law negligence claims arising out of a banking transaction like the transaction allegedly at issue here. *See Gress v. PNC Bank, Nat'l Ass'n*, 100 F. Supp. 2d 289, 292 (E.D. Pa. 2000);

- 14 -

*Metro Waste, Inc. v. Wilson Check Cashing, Inc.,* March 2003 Term, No. 2117, 2003 Phila. Ct. Com. Pl. LEXIS 56, at *3-6 (Pa. Commw. Ct. Sept. 23, 2003); *Citizens Bank of Pa. v. Chevy Chase Bank,* No. 03-CV-5208, 2004 U.S. Dist. LEXIS 6354, at *5-6 (E.D. Pa. Mar. 22, 2004); *Mack v. CTC Ill. Trust Co.,* No. 04-CV-0083, 2004 U.S. Dist. LEXIS 13997 at *17-18 (E.D. Pa. July 19, 2004); *Travelers Indemnity Co. v. Citibank Delaware*, No. 04-13868, 2007 Pa. Dist. & Cnty. Dec. LEXIS 314, at * 13 (Pa. Commw. Ct. Aug. 29, 2007); *United States Steel Corp. v. Express Enterprises of Pennsylvania, Inc.,* No. 0140, 2006 Phila. Ct. Com. Pl. LEXIS 149 at *3 (Pa. Commw. Ct. March 22, 2006) ("where the UCC provides a comprehensive remedy for the parties to a transaction, a common law action will be barred").

Indeed, the PA UCC provides the framework to govern banking transactions and disputes arising from them, and "is to be liberally construed and applied to promote its underlying purposes and policies which include simplifying and clarifying the law governing commercial transactions, fostering an expansion of commercial practices and standardizing the law of various jurisdictions." *Travelers Indemnity Co. v. Citibank Delaware*, No. 04-13868, 2007 Pa. Dist. & Cnty. Dec. LEXIS 314, at * 13 (Pa. Commw. Ct. Aug. 29, 2007) (citing *United States Steel Corp. v. Express Enterprises of Pennsylvania, Inc.,* No. 0140, 2006 Phila. Ct. Com. Pl. LEXIS 149 (Pa. Commw. Ct. March 22, 2006)).   Accordingly, Plaintiff's common law negligence claims against TD Bank are displaced by the PA UCC and must be dismissed for failure to state a claim.

### H.   Plaintiff's Claims for Negligence and Negligent Supervision Are Barred By The Gist of the Action Doctrine.

"Under Pennsylvania law, the 'gist of the action doctrine' bars claims for allegedly tortious conduct where the gist of the of the conduct alleged sounds in contract rather than tort." *Freedom Medical Inc. v. Royal Bank of Canada*, No. 04-cv-5626, 2005 U.S. Dist. LEXIS 37836,

- 15 -

at *18 (E.D. Pa. Dec. 30, 2005) (quoting *Cortez v. Keystone Bank, Inc.,* 2000 U.S. Dist. LEXIS 5705, at *24 (E.D. Pa. May 2, 2000)).  The gist of the action doctrine precludes "plaintiffs from bringing a tort claim that merely replicates a claim for breach of an underlying contract*." Blue Mountain Mushroom Co. v. Monterey Mushroom, Inc.,* 246 F. Supp. 2d 394, 402 (E.D. Pa. 2002).

Here, Plaintiff attempts to assert a claim for breach of contract in Count III.  As shown above, Plaintiff's vague allegations fail to state a claim for breach of an enforceable contract; however, it underscores that Plaintiff's underlying claim "sounds in contract rather than tort." Accordingly, under Pennsylvania law, Plaintiff's negligence and negligent supervision claims are barred by the gist of the action doctrine.

## I.      Plaintiff's Claims for Negligence and Negligent Supervision Are Barred By The Economic Loss Doctrine.

Pennsylvania's economic loss doctrine precludes a cause of action for negligence that results only in economic loss without any accompanying physical injury or property damage. *See Pennsylvania State Employees Credit Union v. Fifth Third Bank*, 398 F. Supp. 2d 317 (M.D. Pa. 2005); *Atkins v. Baltimore and Ohio R.R. Co.*, 501 A.2d 277 (Pa. Super. 1985).  Here, Plaintiff alleges only that he sustained economic losses from the purported breach of various duties owed to him by TD Bank.  Without any physical injuries or property damage, however, Plaintiff's negligence and negligent supervision claims are barred by the economic loss doctrine and must be dismissed. *Id.*; *see also Excavation Tech., Inc. v. Columbia Gas Co. of Pennsylvania,* 936 A.2d 11 (Pa. Super. 2007).

- 16 -

## IV.    CONCLUSION

TD Bank respectfully submits that there are seven reasons why this Court should dismiss Plaintiff's Amended Complaint with prejudice as to TD Bank, N.A.

*First,* Plaintiff's nearly two-year delay in initiating this action by Writ of Summons renders the EFTA claim untimely under its one-year statute of limitations.

*Second*, Plaintiff fails to allege compliance with the 60-day notice provisions of the EFTA.

*Third,* Plaintiff's PA UCC claim is barred by the 30-day Repeater Rule and UCC one-year statutory notice provision.

*Fourth*, Plaintiff's breach of contract claim fails to state the essential terms of the parties' purported contract and instead impermissibly seeks to impose unenforceably indefinite, vague and ambiguous contractual obligations on TD Bank.

*Fifth,* Plaintiff's negligence and negligent supervision claims are barred by the PA UCC, which displaces all such common law claims.

*Sixth*, Plaintiff's negligence and negligent supervision claims also are barred by Pennsylvania's "gist of the action" doctrine.

*Seventh,* Plaintiff's negligence and negligent supervision claims also are barred by Pennsylvania's economic loss doctrine.

Respectfully submitted,

Dated: December 17, 2012

  /s/ Alexander D. Bono
Alexander D. Bono
Michael S. Zullo
Carla M. Bennett
**DUANE MORRIS** LLP
30 South 17th Street
Philadelphia, PA  19103-4196
Telephone: 215.979.1000
***Attorneys for Defendant, TD Bank, N. A.***

- 18 -